IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DEMETRIUS FRAZIER, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )   CASE NO. 2:13-cv-781-WKW |
| | )   (WO -- Do Not Publish) |
| KIM T. THOMAS, *et al.*, | ) |
| | ) |
|    Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

This is a § 1983 lethal injection challenge. Before the court is Plaintiff Demetrius Frazier's Motion for Leave to File Second Amended Complaint. (Doc. # 16.) Having carefully considered the motion, the parties' respective arguments, and the applicable case law, the court finds that Frazier's motion is due to be GRANTED IN PART and DENIED IN PART.

**I.  STANDARD OF REVIEW**

"The decision whether to grant leave to amend a complaint is within the sole discretion of the district court." *Laurie v. Ala. Court of Criminal Appeals*, 256 F.3d 1266, 1274 (11th Cir. 2001). However, Rule 15 of the Federal Rules of Civil Procedure instructs courts to "freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "[T]o successfully oppose a motion for leave to amend, the opposing party must provide a substantial reason to the court." *Shorter v. Dollar*, No. 3:11-cv-531-WHA, 2012 WL 602357, at *2 (M.D. Ala. Feb. 24, 2012) (alteration to original). "Such reasons include

'undue delay, bad faith, dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment.'" *Id.* (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)) (alterations in original).

## II.  FACTUAL AND PROCEDURAL HISTORY

Frazier is an Alabama inmate sentenced to death.  On October 21, 2013, Frazier filed a § 1983 complaint for violations of his right to access to governmental proceedings under the First Amendment, his right to be free from cruel and unusual punishment under the Eighth Amendment, his right to due process of law under the Fourteenth Amendment, and his right to equal protection of the laws under the Fourteenth Amendment. (Doc. # 1.) More specifically, Frazier alleged that the State intends to execute him using a lethal injection protocol that is developed in secrecy, not consistently followed, and not subject to any oversight except through court action.  (Doc. # 1.)  At the time Frazier filed his initial complaint, Alabama was using a three-drug lethal injection cocktail that consisted of pentobarbital (recently switched from sodium thiopental), pancuronium bromide, and potassium chloride.   Frazier argued that this switch would prevent him from being properly anesthetized before administration of the second and third drugs. (Doc. # 1.)  The State moved to dismiss Frazier's complaint on November 20, 2013 (Doc. # 8), and that motion remains pending before the court.

In September 2014, the State announced that it had changed its execution protocol, this time switching the first drug from pentobarbital to midazolam hydrochloride, and the

2

second drug from pancuronium bromide to rocuronium bromide. As a result, on October 3, 2014, Frazier filed a Motion for Leave to Amend Complaint and attached a proposed amended complaint as an exhibit to his motion. (Doc. # 16.) The State filed an opposition to Frazier's motion on October 23, 2014. (Doc. # 23.)

### III.  DISCUSSION

Frazier's proposed amended complaint asserts the following claims: (1) an Eighth amendment cruel and unusual punishment claim based on the alleged failure of midazolam to adequately anesthesize him before administration of the second and third drugs, thus creating a substantial risk of serious harm (Count I); (2) a Fourteenth Amendment due process claim based on the secrecy surrounding Alabama's lethal injection protocol, procedures, and training (Count II); (3) a Fourteenth Amendment equal protection claim based on the State's alleged failure to adequately perform the consciousness assessment during Frazier's execution (Count III); and (4) a First Amendment claim based on the inability of Frazier to access governmental proceedings and to discover all details about Alabama's lethal injection protocol (Count IV). (Doc. # 1.) As explained below, the court finds that Counts II and IV fail under Rule 12(b)(6), and, therefore, amendment of those claims will not be allowed. Amendment of Frazier's remaining claims, however, will be permitted.

Counts II and IV of Frazier's proposed amended complaint assert claims under the First and Fourteenth Amendments based on the secrecy surrounding Alabama's lethal

injection protocol and the inability of death row inmates like Frazier to obtain full and unfettered access to the protocol. The State argues that amendment of those claims should not be allowed because they are time-barred and, therefore, futile. The court agrees. Amendment is futile when the claim, as amended, would still be subject to dismissal. *See Burger King Corp. v. Weaver*, 169 F.3d 1310, 1320 (11th Cir. 1999). In this case, Frazier was on death row as of July 31, 2002, when he became subject to execution by lethal injection rather than electrocution. Beginning on that date, Frazier could have challenged the "secrecy" surrounding Alabama's lethal injection protocol and the State's refusal to disclose to him all details about the protocol that will be used to kill him, but he waited almost eleven years to do so. These claims fall well outside of Alabama's two-year statute of limitations, *see* Ala. Code § 6-2-38(1), and the fact that two of the drugs in the protocol were changed in September 2014 does not relieve Frazier of the consequences of that fact or otherwise make these claims timely. *See Powell v. Thomas*, 643 F.3d 1300, 1305 (11th Cir. 2011) ("Powell could have challenged the ADOC's 'secrecy' surrounding the method of execution beginning July 31, 2002, as the facts supporting this cause of action should have been apparent to any person with a reasonably prudent regard for his rights . . . . Powell fails to show how his claim about the secrecy surrounding the ADOC's recent change in lethal injection protocol was revived by the ADOC's 2011 switch in drugs."); *see also Arthur v. Thomas*, 674 F.3d 1257 (11th Cir. 2012) (implicitly affirming district court's summary dismissal of similar Fourteenth Amendment due process "secrecy" claim as untimely).

Moreover, even if the court were to assume these claims were timely, Frazier's proposed amended complaint does not sufficiently set forth viable due process and First Amendment claims. *See Wellons v. Comm'r, Ga. Dept. of Corrs.*, 754 F.3d 1260, 1267 (11th Cir. 2014) ("We agree with the judgment of the district court.  Neither the Fifth, Fourteenth, or First Amendments afford Wellons the broad right 'to know where, how, and by whom the lethal injection drugs will be manufactured,' as well as 'the qualifications of the person or persons who will manufacture the drugs, and who will place the catheters.'").  Accordingly, the proposed amendment of Counts II and IV of Frazier's complaint is futile and will not be allowed.

The court will, however, permit Frazier to amend his Eighth Amendment cruel and unusual punishment and his Fourteenth Amendment equal protection claims to reflect the recent change in drugs used in Alabama's lethal injection protocol.  Amendment of these claims raises issues similar to those raised by the parties, and addressed by this court, in *Arthur v. Thomas*, 2:11-cv-438-WKW.  As in *Arthur*, the court finds that Frazier's proposed amended complaint, on the bare pleadings, raises colorable challenges to the constitutionality of Alabama's lethal injection protocol and the manner in which it will be carried out for Frazier, and that claims of this sort should not be summarily dismissed but should proceed through discovery and, likely, evidentiary hearings in Alabama.  (*See* Doc. # 195, *Arthur*, 2:11-cv-438-WKW.)  Absent sufficient grounds to deny amendment, which the State has not

presented, the proposed amendment of Counts I and III of Frazier's complaint will be permitted.

## IV.  CONCLUSION

Based on the foregoing, it is ORDERED as follows:

1. Frazier's Motion for Leave to File Amended Complaint (Doc. # 16) is GRANTED IN PART and DENIED IN PART.  It is GRANTED to the extent Frazier is permitted to amend his Eighth Amendment and Fourteenth Amendment equal protection claims, and DENIED in all other respects.  Frazier shall file, in accordance with Local Rule 15.1, a revised amended complaint that reflects the court's holdings herein, **no later than seven (7) days** after entry of this Order.

2. The State's Motion to Dismiss (Doc. # 8) is DENIED AS MOOT.

DONE the 5th day of January, 2015.

                                           /s/ W. Keith Watkins  
                                   CHIEF UNITED STATES DISTRICT JUDGE